

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

April 30, 1952

Hon. Austin F. Anderson          Opinion No. V-1446
Criminal District Attorney
Bexar County                     Re: Which county agency
San Antonio, Texas                   is responsible for
                                     making investigations
                                     and reports in depend-
                                     ent or neglected
Dear Mr. Anderson:                   children's cases.

Your request for an opinion presents
the following question:

"What governmental agency is re-
sponsible for investigating Dependent
or Neglected Children's cases?"

Previously, the Children's Service Bureau,
a charitable organization, made investigations in
dependent and neglected children's cases before the
45th District Court, which is the Juvenile Court of
Bexar County. Due to a lack of funds, this prac-
tice has been discontinued, giving rise to the ques-
tion of what governmental agency is responsible for
making investigations of this kind.

Article 2338-1, V.C.S., establishes a juve-
nile court in each county of the State and provides
for the designation of one of the district courts as
the juvenile court in counties having two or more
district courts. The juvenile court is given exclu-
sive original jurisdiction of proceedings governing
delinquent children. Additionally, in counties hav-
ing two or more district courts all cases of depend-
ency and neglect must be filed in the district court
which has been designated as the juvenile court, but
these cases may later be transferred to another dis-
trict court. Art. 2338-1, Sec. 4.

Section 7 of Article 2338-1 provides:

"Any person may, and any pease officer
shall, give to the Judge, County Attorney,
or to the Probation Officer of the county,

> information in his possession that a child
> is within the provisions of this Act.  There-
> upon the Judge, the County Attorney or the
> Probation Officer shall make or have made,
> preliminary inquiry to determine whether
> the interests of the public or of the child
> require that further action be taken.  If
> either the Judge or the County Attorney
> shall determine that formal jurisdiction
> should be acquired, the County Attorney
> shall prepare and file in the court, or
> any attorney may prepare and file in the
> court, a petition alleging briefly the facts
> which bring said child within the provisions
> of this Act, and stating:  (1) the name, age
> and residence of the child; the names and
> residences, (2) of his parents, (3) of his
> legal guardian, if there be one; (4) of the
> person or persons having custody or control
> of the child; and (5) of tne nearest known
> relative, if no parent or guardian can be
> found.  If any of the facts herein required
> are not known by the petitioner, the peti-
> tion shall so state.  The proceedings shall
> be styled 'In the matter of _____
> a delinquent child'."

We agree with your conclusion that the du-
ties required of the county attorney by Section 7 of
Article 2338-1 relate only to delinquent children and
that this statute does not impose any duties upon the
county attorney in respect to dependent and neglected
children.  This construction of the statute is sub-
stantiated by Section 24-A of Article 2338-1, which
reads:

> "This Act shall in no wise alter or
> affect existing laws with reference to de-
> pendent or neglected children as that term
> is defined by Article 2330, Revised Civil
> Statutes, 1925, and the District Court
> only shall have original jurisdiction in
> all proceedings wherein it is sought to
> have a child adjudged to be a dependent or
> neglected child, and its findings in such
> cases shall be entered in a book kept for
> that purpose to be known as 'Juvenile Rec-
> ord'."

It is necessary, therefore, to look to other statutes dealing with dependent and neglected children to determine your question.

Jurisdiction over dependent and neglected children is vested in the district court.   Arts. 2330-2337, V.C.S.   Article 2331 reads:

"Any person who is a resident of the county, having knowledge of a child in his county who appears to be a 'dependent' or 'neglected' child may file with the district clerk of his county a written petition, setting forth the facts constituting the child 'dependent' or 'neglected;' which petition shall be verified by the affidavit of the petitioner.  It shall be sufficient, if the affidavit shall be upon information and belief.  Such petition shall set forth the name of the parent or parents of such child, if known, and their residence; and if such child has no parent living, then the name and residence of the guardian of such child, if it has one."

Article 2333 provides:

"Upon such hearing of such case the child shall be brought before said court; whereupon, the court shall investigate the facts, and ascertain whether the child is a 'dependent child,' its residence, and, as far as possible, the whereabouts of its parents or near adult relatives, when and how long the child had been maintained, in whole or in part, by private or public charity, the occupation of the parents, if living, whether they are supported by the public or have abandoned the child, and to ascertain, as far as possible, if the child is found dependent, the cause thereof.  The court may compel the attendance of witnesses on such examination; and the clerk shall issue all process and the sheriff and other officers of the court shall serve the same as in other cases.  The county attorney, when requested by the court, shall appear in any such examination in behalf of the petition.  It shall

be the duty of the county attorney of such
county, upon the request of the court or
any petitioner, to file a petition and to
conduct any necessary proceedings in any
case within the provisions of this title."

The county juvenile board has general super-
vision of a nonjudicial nature over dependent and neg-
lected children, and has the power to "direct one of
the probation officers of said Board to file complaint
against such child in some court of such county having
jurisdiction to hear and determine such complaint."
Art. 5140, V.C.S.  This article also confers upon the
board or its members the authority to "be present at
such hearing, either in person or by one or more of
its probation officers, and make such inquiry concern-
ing such child as may be proper under the established
rules of procedure in such court."

Article 5142 authorizes the appointment of
a juvenile officer and assistant juvenile officers in
certain counties of the State.  In counties having a
population of 150,000 or more which contain a city of
100,000, in addition to the juvenile officer there may
be appointed assistant juvenile officers not to exceed
one assistant to each 25,000 population.  The duties
of juvenile officers are defined as follows:

"Such officers shall have authority and
it shall be their duty to make investigations
of all cases referred to them as such by such
Board; to be present in court and to repre-
sent the interest of the juvenile when the
case is heard, and to furnish to the court
and such Board any information and assist-
ance as such Board may require, and to take
charge of any child before and after the
trial and to perform such other services
for the child as may be required by the
court or said Board, and such juvenile of-
ficers shall be vested with all the power
and authority of police officers or sheriffs
incident to their offices.

"The clerk of the court shall when
practicable, notify such juvenile officer
when any juvenile is to be brought before
the court.  It shall be the duty of such
juvenile officer to make investigation of

any such case, to be present in court to represent the interest of the juvenile when the case is tried; to furnish to such court such information and assistance as the court may require and to take charge of any juvenile before and after the trial as the court may direct. . . ."

Section 1 of Article 5142a requires the appointment of a chief probation officer by the county juvenile board in counties having a population of more than 350,000 and authorizes the selection of assistant probation officers in these counties. As first enacted in 1931, Article 5142a referred to these officers as juvenile officers, and this designation continued until the statute was amended in 1949.

We have been unable to find any authorities relative to the question involved. While your factual situation is not free from doubt we are impelled, by reason of the language contained in the above statutes, to the conclusion that it is not the duty of the office of Criminal District Attorney to investigate dependent and neglected children's cases.

It appears from the above statutes that the County Juvenile Board of Bexar County is required to appoint a chief probation officer, who may be furnished with assistants to help carry out his duties. Article 5140 places certain powers and duties upon this officer in cases of dependent and neglected children, upon direction of the juvenile board. The language of Article 5140 authorizing "such inquiry . . . as may be proper under the established rules of the court" is not entirely clear. However, when taken with the other statutes dealing with the juvenile board's supervisory powers, it is our opinion that the inquiry is not limited to inquiry at the hearing before the court, but was intended to include all proper investigations and inquiries into matters affecting the welfare of the child.

Article 5142 makes further provision for the duties of "juvenile officers" with respect to dependent and neglected children. This statute authorizes, but does not require, the appointment of a juvenile officer in Bexar County. We have not been informed whether Bexar County maintains both a "probation officer" and a "juvenile officer," and

we are not here expressing an opinion as to whether it would be proper for the county to maintain both officers. However, while the terms "probation officer" and "juvenile officer" are not fully interchangeable in these statutes, we are of the opinion that the duties imposed upon a juvenile officer under Article 5142 may also be performed by the probation officer appointed by the county juvenile board under Article 5142a. It would follow that Article 5142, as well as Article 5140, places investigative duties in these cases upon the probation officer of the county.

A consideration of these statutes reflects an intent on the part of the Legislature to impose these investigative duties upon the juvenile authorities, under the supervision of the county juvenile board. Consequently, we are of the opinion that investigation of cases of dependent and neglected children in Bexar County should be conducted by the juvenile authorities rather than by the Criminal District Attorney. True, Article 2333 requires the filing of a petition by your office upon the request of the court or any petitioner, and also imposes the duty to appear in the examination before the court and to conduct any necessary proceedings when requested to do so. But we do not believe this language contemplates the making of investigations such as you are inquiring about. We think these provisions contemplate only that the county attorney (or ciminal district attorney) shall be required to do those things necessary to an orderly conduct of the proceedings at the hearing before the court.

Based upon the foregoing, we agree with you that the duty of conducting investigations for the juvenile court of Bexar County in dependent and neglected cases is that of the juvenile officers and not the office of Criminal District Attorney.

SUMMARY

The duty of conducting investigations in dependent or neglected children's cases in Bexar County is that of the juvenile officers of the county and not the office of Criminal District Attorney.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

BW:mh

PRICE DANIEL
Attorney General

By Burnell Waldrep
Assistant